UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT-DEANGELO FEREBEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-10213 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| CHRISTIAN CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Lamont-DeAngleo Ferebee accuses Defendant Christian Congregation of Jehovah's Witnesses ("CCJW") of slandering him by announcing that he had been disfellowshipped from his congregation in Virginia. Before the Court is CCJW's motion to dismiss Mr. Ferebee's complaint [29]. Because the alleged slander consisted only of a true statement, the Court grants the motion and dismisses Mr. Ferebee's complaint with prejudice.

BACKGROUND

The following facts are drawn from Mr. Ferebee's complaint, dkt. 1-1 [hereinafter "Compl."], and are presumed true for the purpose of adjudicating CCJW's motion to dismiss.

Mr. Ferebee is a former member of the Great Bridge Congregation of Jehovah's Witnesses in Chesapeake, Virginia. On August 20, 2020, at a zoom meeting for the congregation with sixty or more people present, the leaders of the congregation announced that Mr. Ferebee had been "disfellowshipped"—that is, excommunicated. Mr. Ferebee explains that an announcement of disfellowship means that a person is "no longer one of Jehovah's Witnesses." Compl. *2. He also states that such an announcement is "understood by Jehovah's Witnesses to mean that an individual

has 1) committed a serious sin and 2) has not shown acts of repentance from the wrongdoing." *Id.* Mr. Ferebee alleges that this statement was slanderous because he had committed no such sin.

Mr. Ferebee appealed his disfellowshipping through the CCJW's internal procedures, to no avail. He claims that CCJW committed various procedural irregularities in adjudicating his appeal. After exhausting those internal procedures, Mr. Ferebee filed the instant complaint on July 28, 2025 in the Circuit Court of Cook County, accusing CCJW of slander and of improperly removing him from his congregation . On August 26, 2025, CCJW removed the case to federal court. Dkt. 1. Because Mr. Ferebee is proceeding *pro se* and *in forma pauperis*, the Court conducted a review of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court determined that Mr. Ferebee's claim of slander could go forward, based on a plausible establishment of diversity jurisdiction; however, the Court dismissed his claim of being improperly removed from his congregation for lack of a legal cause of action. Dkt. 21. On November 17, 2025, CCJW filed the instant motion, dkt. 29 [hereinafter "Pl. Br."]. Mr. Ferebee and CCJW then filed their respective response and reply briefs, and the Court held oral arguments on February 9, 2026, after which the Court took the matter under advisement.

## LEGAL STANDARD

CCJW has moved to dismiss Mr. Ferebee's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under 12(b)(1) challenges a court's subject-matter jurisdiction. The plaintiff bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing to seek relief. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter… to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In resolving motions under Rules 12(b)(1) and 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Prairie Rivers Network v. Dynegy Midwest Generation*, LLC, 2 F.4th 1002, 1007 (7th Cir. 2021); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019).

## DISCUSSION

CCJW advances two primary arguments for dismissal. First, it argues that this Court lacks jurisdiction over Mr. Ferebee's complaint pursuant to the Ecclesiastical Abstention Doctrine. Second, it argues that Mr. Ferebee has not stated a claim for slander, nor can he do so.

As an initial matter, the Court disagrees with CCJW's characterization of the Ecclesiastical Abstention Doctrine, which is also known as the "Church Autonomy Doctrine" and the "Deference Doctrine." This Doctrine is a general principle, derived from the Free Exercise and Establishment Clauses of the First Amendment, that courts should not interfere with a church's determination of its religious tenets. "In accordance with this principle, courts have recognized that the First Amendment 'permit[s] hierarchical religious organizations to establish their own rules and regulations for internal discipline and government, and to create tribunals for adjudicating disputes over these matters.'" *Garrick v. Moody Bible Inst.*, 412 F. Supp. 3d 859 (N.D. Ill. 2019) (Lee, J.) (quoting *Serbian E. Orthodox Diocese for the U.S. & Can. v. Milivojevich*, 426 U.S. 696, 724, (1976)). CCJW argues that the Doctrine strips the Court of jurisdiction over this matter, which is "intertwined" with issues of church discipline for Jehovah's Witnesses. Pl. Br. *5–6.

However, as Judge Lee explained in *Garrick*, "the church autonomy principles upon which *Moody* relies give rise to an affirmative defense under Rule 12(b)(6), not a jurisdictional proscription

– 3 –

that can be raised under Rule 12(b)(1). And, as an affirmative defense, a defendant's invocation of religious autonomy must be conclusively established from the face of the complaint." 412 F. Supp. 3d at 869 (citing *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016)). This approach is consistent with the Supreme Court's repeated reminders that the scope of truly jurisdictional questions is rather narrow, as well as the Court's declaration in *Hosanna-Tabor* that the ministerial exception (which is related to the Ecclesiastical Abstention Doctrine) is an affirmative defense, not a bar to jurisdiction. *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171, 195 n.4 (2012). The Court will therefore construe CCJW's Rule 12(b)(1) argument concerning the Ecclesiastical Abstention Doctrine as a Rule 12(b)(6) affirmative defense.

In this context, it is clear that Mr. Ferebee has not stated a claim for relief. Under both Illinois and Virginia law, a claim for slander requires the plaintiff to establish that the defendant made a false statement about the plaintiff. *See Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 38; *Schaecher v. Bouffault*, 290 Va. 83, 91 (2015). Here both parties agree that Mr. Ferebee's Virginia congregation disfellowshipped him. Compl. *2–3; Pl. Br. *2–3. Thus, the announcement to the congregation that Mr. Ferebee had been disfellowshipped was true. Mr. Ferebee does not attempt to argue otherwise, but he claims that the *implications* of the announcement—that he had committed a major sin for which he refused to atone—were false. Compl. *2. Putting aside whether implications of a major-but-unnamed sin can properly form the basis for a slander suit,[1] the determination of whether Mr. Ferebee committed a sin is not one that this Court can make or adjudicate. *Milivojevich*, 426 U.S. at 724. Whether Mr. Ferebee committed a sin is a question of religious belief, not fact; as such, the implications of the

---

[1] Virginia law does appear to permit slander suits based on implications that can "be reasonably drawn from the words actually used." *Webb v. Virginian-Pilot Media Companies, LLC*, 287 Va. 84, 89 (2014). "However, the meaning of the alleged defamatory language can not, by innuendo, be extended beyond its ordinary and common acceptation… nor extend the meaning of the words used, or make that certain which is in fact uncertain." *Id.* (quoting *Carwile v. Richmond Newspapers*, 196 Va. 1, 8 (1954)).

disfellowshipping announcement are not actionable under the law of slander. *See Coghlan*, 2013 IL App (1st) 120891, ¶ 38; *Schaecher*, 290 Va. at 91.

As such, Mr. Ferebee has not stated a claim for slander. Moreover, because he admits that he was in fact disfellowshipped, and because nothing he can do will turn the determination of sin into a question of fact, he cannot conceivably amend his complaint to properly plead a claim of slander. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (a court should not grant leave to amend "where the amendment would be futile" (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008))). As such, Mr. Ferebee's complaint must be dismissed with prejudice.

## CONCLUSION

The Court grants CCJW's motion [29] and dismisses Mr. Ferebee's complaint with prejudice.

**IT IS SO ORDERED.**

Date: 3/4/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge